# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIERRA NEVADA CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br><br><br><br>CYBER DEFENSE SYSTEMS, INC.,<br><br>                Defendant. | Case No. 09-MC-26-TCK<br><br>[District Court of Nevada,<br>Case No. 07-CV-532 ECR-VPC] |

## REPORT AND RECOMMENDATION

A Motion for Writ of Execution [Dkt. 6] has been filed in which Plaintiff seeks to collect a money judgment in the amount of $824,648.14 rendered in Plaintiff's favor against Defendant in the United States District Court for the District of Nevada in a case styled, *Sierra Nevada Corporation v. Cyber Defense Systems, Inc.*, Case No. 07-CV-532 ECR-VPC. The judgment was registered with this court on July 8, 2009. The Motion for Writ of Execution is before the undersigned United States Magistrate Judge for Report and Recommendation.[1] A proposed writ has been submitted as required by LCvR 69.1 on the form provided on the Court's website. The undersigned RECOMMENDS that the Motion for Writ of Execution be GRANTED and that the proposed Writ of Execution be approved.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

---

[1] Writs of execution are considered dispositive matters for which magistrate judges have the authority to issue a recommendation to the district court, but not an order. *United States v. Thompson*, 285 Fed. Appx 522, 524 (10th Cir. 2008).

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10thCir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 23rd day of September, 2009.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE